IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA       §
                               §   CRIMINAL ACTION NO. H-07-513-2
v.                             §
                               §   CIVIL ACTION NO. H-12-3440
BOSE OMAYE EBHAMEN.            §

# MEMORANDUM OPINION AND ORDER

Defendant Bose Omaye Ebhamen filed a *pro se* motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 (Docket Entry No. 795), with a memorandum of law (Docket Entry No. 799). The Government filed a response with a motion to dismiss (Docket Entry No. 802), to which Defendant filed a response (Docket Entry No. 808).

Based on careful consideration of the motions, the responses, the record, matters of public court record, and the applicable law, the Court GRANTS the motion to dismiss and DENIES the section 2255 motion, as follows.

## *Procedural Background and Claims*

The jury found Defendant guilty of health care fraud, wire fraud, conspiracy to commit health care fraud and wire fraud, and money laundering. *United States v. Ebhamen*, No. 09-20877 (5th Cir. 2011). She was sentenced to a term of imprisonment of 135 months, and ordered to pay, jointly and severally, $1,773,970.18 in restitution to Medicare and $155,206.82 to Medicaid. (Docket Entry No. 603). The conviction and sentence were affirmed on appeal.

Defendant claims in the instant proceeding that her attorneys were ineffective in the following particulars:

1. Trial counsel failed to advise her to plead *nolo contendere* or inform her of the weight of the evidence against her.

2. Trial counsel failed to advise her to agree to a bench trial on stipulated facts.

3. Trial counsel failed to move for dismissal of the indictment on grounds that it was not returned by the grand jury in open court.

4. Trial counsel failed to move to suppress the material evidence.

5. Trial counsel failed to investigate or present exculpatory evidence and failed to object to improper evidence.

6. Trial counsel failed to request appropriate jury instructions or object to improper instructions.

7. Trial counsel failed to object to improper jury argument or ask for a curative instruction.

8. Trial counsel failed to investigate or present available evidence and argument at sentencing or object to improper evidence at sentencing.

9. Appellate counsel failed to present the "strongest" appellate issues or preserve viable issues for collateral review.

10. Counsel had conflicts of interest during all phases of the case.

## *Analysis*

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). He may challenge his conviction or sentence after it is final by moving to

vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Relief under section 2255 is reserved, however, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). Section 2255 relief is available only in limited circumstances, and is not meant to substitute for an appeal. *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). Generally, a conviction will be overturned under section 2255 only if the defendant raises "issues of constitutional or jurisdictional magnitude" and demonstrates "cause and actual prejudice." *Id*. That is, section 2255 relief is not to be used for the routine correction of run-of-the-mill legal or factual errors, particularly if these issues could have been raised on appeal.

To prevail here on her claims of ineffective assistance of counsel, Defendant must show that counsel's performance was so defective that it prejudicially violated her constitutional right to effective assistance of counsel. Defendant must satisfy a two-pronged test under the familiar *Strickland* standard, and the Court can consider the prongs in either order. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first prong, Defendant must show that counsel's performance fell below an objective standard of reasonableness. *Id*. at 687–88. Defendant must overcome the strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.* Under the second prong, Defendant must show that there is a reasonable probability that, but for

3

counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* The Fifth Circuit Court of Appeals has held that, under *Strickland*, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002).

Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. It is the defendant's burden to overcome the strong presumption of reasonableness. *Id*. In deciding a claim of ineffective assistance, the court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. *Id.* at 690. "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id*. at 690–91. *Strickland* demands that the likelihood of a different result "must be substantial, not just conceivable." *Harrington v. Richter*, ___U.S. ____, 131 S. Ct. 770, 792 (2011).

Defendant's claims for ineffective assistance of counsel are considered separately, as follows.

### *Plea of nolo contendere, bench trial on stipulated facts*

Defendant complains that trial counsel should have advised her to plead *nolo contendere*, as it may have resulted in a lesser sentence. She further complains that trial

counsel did not inform her of the weight of the evidence against her, and that he should have advised her to agree to a bench trial on stipulated facts. Underlying these complaints is Defendant's contention that trial counsel failed to investigate the case completely.

In responding to these issues, trial counsel submitted an affidavit in which he testified to the following:

> I will respond to the allegations raised by [Defendant] that [she] was not advised of the possibility of a *nolo contendere* plea (Alford plea) or of the possibility of a bench trial on stipulated facts.
>
> From my initial conversation with [Defendant] until the end of trial, [Defendant] was adamant that she was not guilty, and that she was a victim of co-defendant Rhonda Fleming. Contrary to my legal advice, she testified on her own behalf. She testified on cross examination by the AUSA that she was a victim.
>
> In spite of my repeated analysis of the documents and other overwhelming evidence in the case, [Defendant] was convinced that a jury would find her not guilty.
>
> After my cross-examination of each witness, [Defendant] thanked me and continued to be convinced that the jury would find her to be a victim and not guilty.
>
> I spent a substantial amount of time explaining to [Defendant] the definition of aiding and abetting a crime, and that [at] minimum, she aided and abetted the Medicare fraud. In spite of overwhelming evidence, she refused to accept the facts and insisted on a jury trial.
>
> At all times in my representation of [Defendant], she insisted on going to trial regardless of any potential plea, bench trial on stipulated facts or a plea of *nolo contendere*. [Defendant] was fully advised as to all the relevant facts and law relevant to her decision to go to trial.

(Docket Entry No. 802, Affidavit.)

5

To prevail on an ineffective assistance claim based on inadequate pretrial investigation, Defendant must allege and show with specificity the nature of the additional investigation, what the additional investigation would have revealed, and how it would have altered the outcome of trial. *See United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Defendant's conclusory assertion that trial counsel did not "fully investigate" her case lacks specificity and provides this Court nothing to consider. Nor does she specify with non-conclusory facts what the additional investigation would have revealed and how it would have altered the outcome of the trial. Defendant's claim of insufficient investigation is unsupported in the record. *See Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992) (holding that mere speculation and conjecture cannot establish the prejudice prong of *Strickland* and conclusory allegations are not sufficient to obtain habeas relief); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (same).

Further, trial counsel testified in his affidavit that, throughout the entire criminal process, Defendant had maintained without contradiction or equivocation that she was innocent, that she was the victim of the other defendants, and that the jury would not find her guilty. Counsel stated that, despite his advice and analyses, Defendant insisted on proceeding to trial and in testifying before the jury. Nor does Defendant establish actual prejudice. Her conclusory assertion that a plea "may" have resulted in a lesser sentence is rank speculation unsupported in the record and insufficient to meet her burden of proof under *Strickland*.

Defendant's plea of not guilty entered on December 19, 2007, did not end her ability to discuss and reach a plea agreement at any time thereafter prior to trial in March 2009. Nowhere in the record does it appear that Defendant indicated to counsel any interest in wanting to pursue plea negotiations. Given her trial testimony of being a "victim," and her insistence on presenting this testimony to the jury against counsel's advice, the Court finds it unlikely that Defendant would have been amenable to a plea agreement in lieu of trial. Defendant concedes that "the real reason [I] proceeded to jury trial was because [I] wanted District Court and appellate review of the sufficiency of the evidence." (Docket Entry No. 799, Memorandum, p. 28.) This is not indicative of a defendant who wanted to plea in lieu of going to trial. In any event, Defendant can only speculate as to whether this Court would have accepted any proposed plea of *nolo contendere* under Rule 11(a)(1) of the Federal Rules of Criminal Procedure, in light of the Court's duty under subsection (a)(3) to consider the parties' views and the public interest in the effective administration of justice before accepting a plea of *nolo contendere*.

Defendant further claims that counsel failed to advise her to accept a bench trial on stipulated facts. The record does not reflect that the Government offered her a bench trial, and Defendant had no constitutional or statutory "right" to demand one. Under Rule 23(a), Federal Rules of Criminal Procedure, any defendant entitled to a jury trial must be provided a jury trial unless the defendant waives trial by jury in writing, and the government consents

7

and the court approves to a bench trial. Neither Defendant nor the record supports Defendant's assertion that she was entitled to a bench trial, nor does she establish that the government would have consented to, and this Court approve, a bench trial, with or without stipulated facts. Defendant does not establish that trial counsel caused her to lose a purported opportunity to obtain a reduced sentence. (Docket Entry No. 799, Memorandum, p. 29.)

Nor does Defendant establish what those stipulated facts would have been or how a stipulation would have preserved her right to challenge the sufficiency of the evidence on appeal. Given the highly contentious nature of the trial testimony and evidence, and the fact that this Court found that Defendant had obstructed justice by lying in her testimony, it is highly improbable that Defendant and the Government would have been able to reach any agreement as to a stipulation of facts. Again, Defendant's conclusory assertions are speculative, unsupported in the record, and fail to provide any basis for habeas relief.

Defendant's disbelief at being found guilty, and her hindsight remorse at not having pursued other avenues prior to trial, do not stand as evidence of ineffective assistance of trial counsel. Defendant fails to establish either deficient performance or actual prejudice under *Strickland*, and habeas relief is not warranted on these issues.

### *Dismissal of the indictment*

Defendant next argues that trial counsel should have moved to dismiss the indictment because it was not returned by the grand jury in open court as required by Federal Rule of

Criminal Procedure 6(f) ("The grand jury—or its foreperson or deputy foreperson—must return the indictment to a magistrate judge in open court.").

It is Defendant's burden in this proceeding to prove that counsel's performance was ineffective. *See United States v. Guerra*, 628 F.2d 410, 413 (5th Cir. 1980). Because Defendant has not presented any factual information to support her claim that the indictment was not returned in conformance with the rules, she fails to establish that, had counsel moved to dismiss the indictment, the trial court would have committed reversible error in denying the motion. Defendant's conclusory assertion that the indictment was not returned to a magistrate in open court is unsupported in the record. "If there was no reversible error, there could be no ineffective assistance claim because defense counsel's failure to object could not have caused prejudice." *Woodfox v. Cain*, 609 F.3d 774, 805 (5th Cir. 2010).

Moreover, Defendant fails to establish that, but for counsel's failure to move to dismiss the indictment, there is a reasonable probability that the result of the trial would have been different. The Court recognizes that even had counsel objected to the indictment, the Government could have cured the defect by obtaining a second indictment. *See Morlett v. Lynaugh*, 851 F.2d 1521, 1525 (5th Cir. 1988) (holding that even if defense counsel's performance was deficient for failing to object or quash a defective indictment, defendant was not prejudiced because proof at trial satisfied elements of crime, and the prosecution could simply have reindicted the defendant); *Brown v. Cain*, 337 F.3d 546, 550 (5th Cir. 2003) (holding that because the prosecution would have likely presented the case to a second

grand jury had defense counsel filed motion to quash the first indictment, defense counsel had a strategic reason for not objecting to a defective indictment and his service was not deficient or ineffective). Defendant fails to rebut the strong presumption that trial counsel's failure to object was a matter of sound or reasonable trial strategy.

Deficient performance and prejudice are not established, and habeas relief is unwarranted on this issue.

### *Move to suppress the evidence*

Defendant asserts that trial counsel failed to move to suppress "the material evidence." Defendant does not identify any specific "material" evidence that counsel should have moved to suppress, and does not show that, had counsel pursued the motion, it would have been granted and the evidence suppressed. Moreover, Defendant fails to establish that, but for counsel's failure to file a motion to suppress, there is a reasonable probability that the result of the trial would have been different. Defendant's conclusory allegations and speculation are unsupported in the record and fail to establish deficient performance and prejudice under *Strickland*. Habeas relief is not warranted on this issue.

### *Exculpatory evidence*

Defendant argues that trial counsel failed to investigate or present exculpatory evidence and failed to object to improper evidence.

Defendant fails to specify or otherwise identify any exculpatory evidence that trial counsel failed to investigate or present, and her conclusory allegations are again insufficient

to establish deficient performance under *Strickland*. Nor does Defendant show that, but for counsel's failure to obtain and present the unidentified exculpatory evidence, there is a reasonable probability that the result of the proceeding would have been different. In like fashion, Defendant identifies no specific evidence to which counsel failed to object or that an objection would have been granted, and fails to establish that, but for counsel's failure to object, there is a reasonable probability that the result of the trial would have been different.

Neither deficient performance nor prejudice are shown, and habeas relief is not warranted on this issue.

### *Jury instructions*

Defendant posits that trial counsel did not request appropriate jury instructions and failed to object to improper jury instructions.

Defendant fails to identify any jury instruction that counsel should have requested, and fails to show that, had counsel made the request, the trial court would have committed reversible error in denying the request. Nor does Defendant establish that, but for counsel's failure to request the instruction, there is a reasonable probability that the result of the trial would have been different.

Similarly, Defendant identifies no specific jury instruction to which counsel failed to object or show that the objection would have been granted, nor does she establish that, but for counsel's failure to object, there is a reasonable probability that the result of the trial would have been different.

Neither deficient performance nor prejudice are shown, and habeas relief is not warranted on this issue.

### *Improper jury argument*

Defendant argues that trial counsel should have objected to improper jury argument and asked for a curative instruction.

Defendant fails to identify any improper jury argument to which trial counsel failed to object, fails to show that, had counsel objected, the trial court would have committed reversible error in denying the objection, and fails to show that, but for counsel's failure to object, there is a reasonable probability that the result of the trial would have been different.

Similarly, Defendant fails to identify any curative instruction that counsel should have requested, fails to show that, had counsel made the request, the trial court would have committed reversible error in denying the request, or that, but for counsel's failure to request the instruction, there is a reasonable probability that the result of the trial would have been different. Defendant further fails to establish that trial counsel's failure to object was not a matter of reasoned trial strategy.

Neither deficient performance nor prejudice are shown, and habeas relief is not warranted on this issue.

### *Evidence at sentencing*

Petitioner complains that trial counsel failed to investigate or present available evidence and argument at sentencing or to object to improper evidence at sentencing.

Defendant fails to identify any specific material evidence that additional investigation would have disclosed to trial counsel, nor does she show how the evidence would have been beneficial to the defense. She further fails to show that, but for counsel's failure to obtain and present the evidence at sentencing, there is a reasonable probability that her sentence would have been substantially less.

Similarly, Defendant fails to identify any specific improper evidence at sentencing that, but for counsel's failure to object to such evidence, there is a reasonable probability that her sentence would have been substantially less.

Neither deficient performance nor prejudice are shown, and habeas relief is not warranted on this issue.

### *Appellate counsel*

Petitioner asserts that appellate counsel failed to present the "strongest" appellate issues or preserve viable issues for collateral review.

Defendant fails to identify any allegedly "strongest" appellate issues counsel should have raised, and no deficient performance is shown. Nor does she establish that, but for appellate counsel's failure to raise such issue on appeal, there is a reasonable probability that the result of the appeal would have been different.

Neither deficient performance nor prejudice are shown, and habeas relief is not warranted on this issue.

*Conflicts of interest*

Defendant alleges that counsel had conflicts of interest during all phases of the case. Defendant identifies no specific conflict or conflicts of interest, and none appears in the record. Defendant's conclusory allegations and speculation are unsupported in the record and fail to establish that counsel labored under one or more conflicts of interest. Habeas relief is not warranted on this issue.

*"Cumulative Error"*

Defendant claims that the cumulative effect of counsels' errors constitute ineffective assistance entitling her to habeas relief.

To any extent Defendant is relying on alleged errors raised in her direct appeal, the Court notes that all of her alleged errors were rejected on the merits by the Fifth Circuit Court of Appeals, and cannot form the basis of ineffective assistance of counsel. Counsel is not ineffective for failing to raise meritless objections or motions. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

Because Defendant has not established any instance of ineffective assistance of counsel, her claim fails.

*Conclusion*

The Government's motion to dismiss (Docket Entry No. 802) is GRANTED and Defendant's section 2255 motion (Docket Entry No. 795) is DENIED. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Defendant's companion civil case, C.A. No. H-12-3440 (S.D. Tex.), is ORDERED ADMINISTRATIVELY CLOSED.

Signed at Houston, Texas on March 11, 2014.

_____
Gray H. Miller
United States District Judge