IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION H-07-513-2 |
| v. | § | |
| | § | CIVIL ACTION NO. H-16-1581 |
| BOSE EBHAMEN | § | |

### ORDER OF DISMISSAL

Pending before the Court is Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Docket Entry No. 1089). The Court concludes that it is not necessary to order a response from the Government because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A review of the Court's records shows that this motion stands as Defendant's second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Court denied Defendant's first motion on March 11, 2014 (Docket Entry No. 939). Defendant's present section 2255 motion was filed after a previous section 2255 motion and is second or successive.

Section 2255(h) provides that a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be

sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second section 2255 motion. 28 U.S.C. § 2244 (b)(3)(A); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

Defendant does not state, and Fifth Circuit Court of Appeals records do not show, that she has sought and obtained permission from the Fifth Circuit to file the present motion. Until she does so, this Court does not have jurisdiction over the motion. Accordingly, Defendant's motion must be dismissed as second or successive. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000).

The motion for relief under section 2255 (Docket Entry No. 1089) is DISMISSED FOR WANT OF JURISDICTION. A certificate of appealability is DENIED. The Clerk of Court is ORDERED to administratively close the related civil case, C. A. No. H-16-1581.

Signed at Houston, Texas on June 7, 2016.

_____
Gray H. Miller
United States District Judge